516 A.2d 437

Carlisle Electric, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Prevailing Wage Division, Respondent.

Argued September 9, 1986, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Stephen J. Weglarz, Pechner, Dorfman, Wolffe, Rounick & Cabot,* for petitioner.

*Richard C. Lengler,* Assistant Counsel, with him, *Peter C. Layman,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, October 21, 1986:

Carlisle Electric, Inc., the petitioner, appeals by permission[1] from an order of an adjudicative officer of the Department of Labor and Industry which denied petitioner's request for attorneys' fees pursuant to the

---

[1] Section 3(e) of the Act of December 13, 1982, P.L. 1127, P.S. §2033(e) (Supp. 1986).

Act of December 13, 1982, P.L. 1127, 71 P.S. §§2031-35 (Supp. 1986).

In January of 1982, the petitioner was a non-union contractor working on two projects on Pennsylvania state game lands under contracts awarded by the Department of General Services. During the performance of those two contracts, the petitioner was audited by the Prevailing Wage Division of the Department of Labor and Industry to determine if petitioner was paying its employees the prevailing wage rate under the Pennsylvania Prevailing Wage Act (Act), Act of August 15, 1961, P.L. 987, *as amended,* 43 P.S. §§165-1-165-17. At the time of the audit, the field inspectors told petitioner's president, John Mumma, that possible discrepancies existed and that if violations of the Act were found, departmental notification would be forthcoming. Over the next three years, the petitioner was audited by field inspectors on other governmental projects it was performing; petitioner was never notified of any violations of the Act.

On February 20, 1985, the Department sent a notice of a hearing to petitioner, alleging that he had underpaid his workmen on the two game lands projects a total of $62.16. After two continuances at petitioner's request, a hearing was held before an adjudicative officer on June 18, 1985. At that time, petitioner filed a motion to dismiss the charges on numerous grounds, including, *inter alia,* that the action was time barred by the equitable defense of laches. The only testimony taken at that hearing was that of Mr. Mumma who testified concerning prejudice to the petitioner occasioned by the three year delay between the audit and the enforcement proceedings. For reasons not relevant here, a second hearing permitting additional cross-examination of Mr. Mumma was held on October 10, 1985. Before the adjudicative officer rendered a decision on the motion to

dismiss, the Department withdrew the charges on December 19, 1985.

On January 16, 1986, the petitioner requested an award of attorneys' fees in the maximum amount of $10,000.00. On February 18, 1986, the adjudicative officer issued an order which decided that the petitioner was not entitled to reimbursement of any attorneys' fees. Petitioner then filed a timely request with this Court for permission to appeal the denial of attorneys' fees. By *per curiam* order of April 25, 1986, this Court granted permission to appeal and this appeal followed.

The Legislature has provided that a "prevailing party" is entitled to an award of certain fees, including attorneys' fees, if the position of the Commonwealth agency bringing the charges was not "substantially justified." The Legislature has defined a prevailing party as one "in whose favor an adjudication is rendered on the merits of the case or who prevails due to withdrawal or termination of charges by the Commonwealth agency. . . ." 71 P.S. §2032 (Supp. 1986). Furthermore, "[t]he position of an agency as a party to a proceeding is substantially justified when such position has a reasonable basis in law *and fact.*" *Id*. (Emphasis added.) The adjudicating officer held that the Department's position was substantially justified and accordingly refused to award any attorneys' fees.

Petitioner first argues that no substantial evidence exists to support the adjudicating officer's order. As a preliminary matter, the Department argues that the substantial evidence standard of review contained in the Administrative Agency Law, 2 Pa. C. S. §704, is inapplicable because Section 3(e) of the Act specifically provides that a reviewing court "may modify a fee determination only if the court finds that the failure to make an award . . . was an abuse of discretion by the adjudica-

tive officer." 71 P.S. §2033(e) (Supp. 1986). The Statutory Construction Act provides:

> Whenever a general provision in a statute shall be in conflict with a special provision in . . . another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail. 1 Pa. C. S. §1933 (Supp. 1986).

Section 704 of the Administrative Agency Law, passed in 1976, requires affirmance of an adjudication unless the reviewing court finds a violation of constitutional rights, a violation of the provisions relating to practice or procedure before Commonwealth agencies or that a necessary factual finding to support the adjudication is not supported by substantial evidence. The Act providing for the award of certain fees, passed in 1982 and effective July 1, 1983, allows a reviewing court to modify a fee determination only where the adjudication officer abused his or her discretion. Based on 1 Pa. C. S. §1933, we must conclude that the Department is correct and that our sole standard of review in these fee determination cases is whether the adjudicating officer committed an abuse of discretion.

The petitioner does argue that the adjudicating officer abused his discretion in refusing to award attorneys' fees. As a position of an agency has substantial justification if there is reasonable basis in law *and* fact, petitioner argues that the adjudicating officer abused his discretion in finding substantial justification when

the adjudicating officer was presented with no facts on the merits of the case. With this position, we agree.

The merits of this controversy involve the credit for fringe benefit contributions and the manner in which a credit is to be applied when determining if a non-union contractor is paying its employees the required prevailing wage. Incredibly, since the passage of the Prevailing Wage Act in 1961, there are no court cases speaking to this issue which all parties agree has been a longstanding dispute between the Department and non-union contractors. Because of the lack of settled case law in the area, the Department argues that this alone shows that its position was substantially justified. We cannot agree.

There can be no doubt that the lack of settled case law supports the proposition that the Department's position has a reasonable basis in *law*. Unfortunately, for the Department, the Act also requires that its position has a reasonable basis in *fact*. The Department argues that the audit summaries, attached to the notice of hearing served upon the petitioner and part of this record, supply the necessary facts to allow the adjudicating officer's determination to stand. We reject this position by stating that the mere recital of the facts alleged in either a complaint or a criminal information, in and of itself is no more than that, *i.e.*, a series of allegations. Until a fact-finder is presented with competent testimony and given the opportunity to rule on the credibility of the evidence, allegations prove nothing. The Department also argues that Mr. Mumma's testimony confirms the existence of the alleged facts. We are unwilling to give such effect to that testimony, which did no more than identify the area of controversy and did not prove its factual basis. Absent presentation of competent evidence to prove the required facts (most basically, that the numbers contained on the audit summary are cor-

rect), we believe that the adjudicating officer abused his discretion when he ruled that the agency's position was substantially justified.

Unfortunately, we are unable to finally resolve this case. For the same reasons as set forth immediately above, the adjudicating officer is required to determine the number of hours petitioner's attorney actually spent on the preparation and presentation of this case. While an itemized list of such hours is contained in the record, that list proves no more than the audit summaries attached to the notice of hearing. By deciding the question of attorneys' fees without a hearing, the adjudicating officer prevented the petitioner from presenting the necessary competent evidence. For that reason, a remand is required so that a hearing may be held and an appropriate award made thereafter.[2]

## ORDER

Now, October 21, 1986, the February 18, 1986 order of the adjudicating officer in the above-captioned case is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[2] The Department argues that the amount of time alleged to have been spent is manifestly unreasonable, considering that the alleged amount of underpayments is only $62.16. We reject this argument and point out the double-edged nature of the argument, for if only a small amount is involved, the Department was by no means required to bring these charges, requiring the expenditure of large amounts of time by the not unlimited manpower resources of the Commonwealth employees involved in this case.