619 A.2d 406

**Archie JOYNER, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT of ENVIRONMENTAL RESOURCES, Wood Processors, Inc. and Art Foss, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided Dec. 31, 1992.

As Amended Jan. 21, 1993.

Reargument Denied Feb. 18, 1993.

442

Gary R. Leadbetter, for petitioner.

Anderson Lee Hartzell, Asst. Counsel, for respondents.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Archie Joyner appeals from an order of the Environmental Hearing Board (Board) which denied his application for the award of counsel fees and expenses pursuant to the Act of December 13, 1982, P.L. 1127, *as amended,* 71 P.S. §§ 2031–2035 (Costs Act).[1]

1. Section 3 of the Costs Act, 71 P.S. § 2033, relating to the award of fees and expenses, provides, in pertinent part:

(a) Except as otherwise provided or prohibited by law, a Commonwealth agency that initiates an adversary adjudication shall award to a prevailing party, other than the Commonwealth, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer finds that the position of the agency, as a party to the proceeding, was substantially justified or that special circumstances made an award unjust.

(e) A party dissatisfied with the fee determination made under subsection (a) may petition for leave to appeal such fee determination to the court having jurisdiction to review final orders of a Commonwealth agency under 42 Pa.C.S. (relating to judiciary and judicial procedure). If the court denies the petition for leave to appeal, no appeal may be taken from the denial. If the court grants the petition,

Wood Processors, Inc. (WPI) was incorporated in the state of New Jersey in 1988 as a recycling venture between Joyner and Art Foss. Joyner was the president of WPI and Foss was the Vice President and sole shareholder. WPI conducted operations at three locations: Norristown, Colwyn and Chester. On September 21, 1990, the Department of Environmental Resources (DER) issued an order and civil penalty assessment against Joyner, Foss and WPI. In the order, DER alleged that the above mentioned facilities were being operated, without permits, as solid waste processing facilities and directed WPI, Joyner and Foss to take the following actions:

A. [WPI], Archie Joyner and Art Voss [sic] shall immediately cease the operation of all Solid Waste processing activities at the Chester Site, Colwyn Site and Norristown Site and remove and properly dispose of all municipal waste currently on the premises.

B. [WPI], Archie Joyner and Art Voss [sic] shall immediately cease supplying waste material for fill.

C. [WPI], Archie Joyner and Art Voss [sic] shall immediately remove and properly dispose of waste material disposed of at [four additional, specified locations].

D. [WPI], Archie Joyner and Art Voss [sic] shall immediately supply the Department with the locations of any other sites where [WPI] supplied waste material as .fill or for disposal.

E. [WPI], Archie Joyner and Art Voss [sic] shall supply a list of all haulers used by [WPI] to transport waste into the Commonwealth for use as fill or for disposal.

F. [WPI], Archie Joyner and Art Voss [sic] shall submit within 30 days of this Order a plan for assessing and remediating any soil or groundwater contamination at the Norristown Site, Colwyn Site and Chester Site.

---

review of the fee determination shall be in accordance with the standards in 2 Pa.C.S. § 704 (relating to disposition of appeal). As required by section 3(e), Joyner filed a petition for leave to appeal the order denying his application for attorney's fees. By order of June 26, 1992, we granted Joyner's petition and allowed his appeal.

(DER order of September 21, 1990, p. 4). Additionally, a civil penalty in the amount of ninety-six thousand dollars ($96,-000.00) was assessed against WPI, Joyner and Foss.

On October 19, 1990, WPI and Joyner appealed DER's order to the Board.[2] On January 23, 1991, DER filed a petition in this Court seeking enforcement of its order of September 21, 1990. Thereafter, WPI and Joyner filed with the Board a petition for supersedeas. On March 15, 1991, the Board issued an order granting the petition for supersedeas as to Joyner but denying it as to WPI. In its opinion in support of the order sur petition for supersedeas issued April 5, 1991, the Board explained that it granted supersedeas as to Joyner because the "evidence did not justify imposing individual liability under the theory of 'piercing the corporate veil'." (Board opinion of April 5, 1991, p. 9). Additionally, the Board found that "DER was precluded from raising the 'officer participation' theory because Joyner was not given adequate notice of this claim." (Board opinion of April 5, 1991, p. 9).

On April 24, 1991, DER issued an amended order in which it alleged that Joyner "personally directed, managed, participated in, or otherwise controlled the illegal solid waste processing and/or disposal activities at the Colwyn Site." (DER order of April 24, 1991, p. 3). Additionally, the amended order alleged that Joyner maintained a degree of personal control over all aspects of WPI such that WPI "is and has been devoid of a separate and distinct corporate personality for purposes of the illegal solid waste processing activities at the Norristown and Colwyn Sites." (DER order of April 24, 1991, p. 3). The amended order also directed the following:

A. The Department's Administrative Order dated September 21, 1990 issued against [WPI], Archie Joyner and Art Voss (sic) is hereby withdrawn in its entirety including the Civil Penalty Assessment contained therein.

B. [WPI], Archie Joyner and Art Foss shall immediately remove all solid waste currently existing at the Colwyn, Norristown and Chester Sites and shall dispose of said waste in accordance with all applicable laws and regulations.

2. Foss was not a party to this appeal.

C. [WPI], Archie Joyner and Art Foss shall submit within thirty (30) days of the date of this Order a plan for the assessment and remediation of any soil and/or groundwater contamination at the Norristown, Colwyn and Chester Sites.

(DER order of April 24, 1991, p. 4).

Joyner then filed an application for attorney's fees and costs pursuant to the provisions of the Costs Act. By opinion and order issued April 2, 1992, the Board denied Joyner's application. The Board found that, although Joyner was, "arguably, a 'prevailing party'," special circumstances made an award of fees unjust. (Board order of April 2, 1992, p. 4). Appeal to this Court followed.

On appeal, Joyner argues (1) that he is a prevailing party under the provisions of the Costs Act; (2) the Board's finding of "special circumstances" is clearly erroneous; (3) the Board erred in rejecting his entire application because there was no apportionment of fees and expenses between the defenses of WPI and Joyner; and (4) the Board erred in not holding a hearing on Joyner's application for fees and costs. We will review these issues, keeping in mind that our standard of review is that found in 2 Pa.C.S. § 704, which provides that an adjudication made by a Commonwealth agency shall be affirmed unless there is a violation of constitutional rights, an error of law is committed, procedural rules are violated or necessary findings of fact are not supported by substantial evidence.[3]

3. DER cites *Carlisle Electric, Inc. v. Department of Labor and Industry*, 101 Pa.Commonwealth Ct. 359, 516 A.2d 437 (1986), for the proposition that this Court's "sole standard of review in these fee determination cases is whether the adjudicating officer committed an abuse of discretion." However, Section 3(e) of the Costs Act was amended in 1987, and the language relied upon in *Carlisle Electric*, "it may modify the fee determination only if the court finds that the failure to make an award or the calculation of the amount was an abuse of discretion by the adjudicative officer," was replaced by the following phrase, "review of the fee determination shall be in accordance with the standards in 2 Pa.C.S. § 704 (relating to disposition of appeal)." Therefore, the standard of review as stated in *Carlisle Electric* has been overruled by the 1987 amendment to Section 3(e).

■ We first address Joyner's argument that he is a "prevailing party" under the provisions of the Costs Act. Joyner argues that, because DER withdrew the charges alleged in the order of September 21, 1990 in its amended order of April 24, 1991, he is a "prevailing party." We agree.

Section 2 of the Costs Act, 71 P.S. § 2032, defines a "prevailing party" as follows:

A party in whose favor an adjudication is rendered on the merits of the case or *who prevails due to withdrawal or termination of charges by the Commonwealth Agency* or who obtains a favorable settlement approved by the Commonwealth Agency initiating the case. (Emphasis added.)

DER argues that the charges against Joyner were not withdrawn. DER contends that the amended order merely corrected an alleged notice deficiency and was substantially similar to the original order. We reject this argument. The amended order, drafted by DER, specified that the order of September 21, 1990 was "withdrawn in its entirety." DER may not now be heard to contradict that which it stated in its amended order.

■ Next, we consider whether the Board erred in finding that "special circumstances" existed to make the award of fees unjust. The Board found that, because the ultimate outcome of DER's charges remains to be determined, Joyner had not yet prevailed as to the substance of these charges.

Section 1 of the Costs Act, 71 P.S. § 2031, establishes the rationale for awarding fees and costs to a prevailing party. That Section provides, in pertinent part:

(c) It is therefore the intent of the General Assembly to:

(1) Diminish the deterrent effect of seeking review of or defending against administrative agency action by providing in specified situations an award of attorney's fees, expert witness fees and other costs against the Commonwealth.

(2) *Deter the administrative agencies of this Commonwealth from initiating substantially unwarranted actions*

against individuals, partnerships, corporations, associations and other nonpublic entities.

71 P.S. § 2031 (emphasis added).

The Board, in granting Joyner's petition for supersedeas, found that the evidence did not warrant holding Joyner liable under a theory of piercing the corporate veil. Additionally, the Board found that Joyner did not receive proper notification that DER intended to proceed against him on an officer participation theory. "Therefore, based upon the record developed at the supersedeas hearing, it appears that DER lacked the underlying authority to hold Joyner individually liable...." (Board opinion of April 5, 12991, p. 10). In other words, the charges brought against Joyner in the first order were "substantially unwarranted."

The Board found that Joyner has not yet prevailed as to the substance of the charges brought by DER. DER in its amended order added language to allege a theory of piercing the corporate veil and attempted to cure the notice deficiency present in the first order. DER is therefore interjecting a new theory of liability not present in the first order and is making new allegations in an attempt to produce evidence to pierce the corporate veil. While DER may be able to establish Joyner's liability under either or both of these theories, DER, as found by the Board, could not establish Joyner's liability under the first order. While DER may ultimately prevail on the *amended* order, this is not a matter to consider in deciding a petition for fees and expenses on an order which DER *has withdrawn.* Although the Board should determine, as it is required to do by Section 3 of the Costs Act, whether "special circumstances" exist to make an award unjust, the fact that DER failed to include in the first order a theory or produce evidence upon which it could recover against Joyner does not constitute "special circumstances." To deny fees and expenses to Joyner because the amended order may establish liability would be to circumvent a stated purpose of the Costs Act, which is to deter the initiation of unwarranted actions.

■ Next, we consider whether the Board erred in denying Joyner's entire application because there was no apportion-

ment of fees and expenses between the defenses of WPI and Joyner. Joyner argues that both he and WPI are "prevailing parties" and it is the Board's responsibility to show to what extent Joyner's itemized list of hours and costs should not have been granted.[4]

Section 3(b) of the Costs Act, 71 P.S. § 2033(b), provides that an application for fees and expenses shall include:

(2) A clear statement of the total amount sought, including:
(i) an itemized list of fees from any attorney, agent or expert witness representing or appearing in behalf of the party;
(ii) the actual time expended by such agent or expert witness representing or appearing in behalf of the party;
(iii) the rate at which the fees and other expenses were computed.

. . . .

■ We read this Section as imposing upon the applicant the burden of presenting sufficiently detailed information to enable an accurate award of fees and expenses to be made. Such fees and expenses are properly limited to those incurred in defense of the charges made against Joyner in DER's first order. As the party in possession of the information, Joyner is in a better position to show how the legal costs were allocated between his defense and that of WPI.

■ Finally, we consider whether the Board erred in not holding a hearing on the application for fees and expenses. No provision in the Costs Act requires that a hearing be held. However, Joyner cites *Carlisle Electric* for the proposition that, under certain circumstances, the failure of the agency to hold a hearing is an error of law. There, the Court opined that "[b]y deciding the question of attorney's fees without a hearing, the adjudicating officer prevented the petitioner from presenting the necessary competent evidence." *Id.* at 365, 516 A.2d at 440. Accordingly the Court ordered a remand so that a hearing could be held and an appropriate award made.

---

4. We note that the issue of whether WPI is a "prevailing party" entitled to fees and expenses pursuant to the Costs Act is not before this Court.

We agree that, under the authority of *Carlisle Electric* and the facts of this case, a remand is warranted. By not having held a hearing, the Board precluded Joyner from presenting evidence to demonstrate how the legal costs were apportioned between his defense and that of WPI. At the hearing to be held on remand, Joyner should be given the opportunity to present evidence of attorney's fees and expenses incurred in defense of the allegations made against him in DER's first order.

Accordingly, we reverse the order of the Board and remand the case for proceedings consistent with this opinion.

## ORDER

AND NOW, this 31st day of December, 1992, the Order of the Environmental Hearing Board dated April 2, 1992, at No. 90–441–F, is reversed. This matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.