## McDONALD LAND & MINING COMPANY and Sky Haven Coal Company, Inc., Petitioners,

### v.

## DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent. (Two Cases)

Commonwealth Court of Pennsylvania.

Argued June 20, 1995.

Decided Aug. 3, 1995.

Reargument Denied Oct. 2, 1995.

---

Carl A. Berlin, Jr., for petitioners.

Dennis A. Whittaker, for respondent.

Before PELLEGRINI, FRIEDMAN and NEWMAN, JJ.

PELLEGRINI, Judge.

McDonald Land & Mining Company (McDonald) and Sky Haven Coal Company, Inc. (Sky Haven), appeal a decision of the Environmental Hearing Board (Board) denying them attorney fees and expenses under Section 4(b) of the Surface Mining Conservation and Reclamation Act (SMCRA).[1]

On March 23, 1989, the Department of Environmental Resources (Department) denied McDonald's request for a bond release[2] with respect to its mining operations at its Butler site in Lawrence Township, Pennsyl-

---

**1.** Act of May 31, 1945, P.L. 1198, § 4(b), *as amended*, 52 P.S. § 1396.4(b). In relevant part, this section, which deals with hearings on applications for mining permits and bond releases, provides that:

> The Environmental Hearing Board, upon the request of any party, may in its discretion order the payment of costs and attorney's fees it determines to have been reasonably incurred by such party in proceedings pursuant to this section.

**2.** Pursuant to Section 4(d) of SMCRA, a mining permittee is required to post a bond with the Commonwealth, the release of which is conditioned upon the permittee's compliance with SMCRA and other environmental laws. Act of May 31, 1945, P.L. 1198, § 4(d), *as amended*, 52 P.S. § 1396.4(d). After the reclamation and revegetation of the land that was mined, the permittee may request that the bond be released. Act of May 31, 1945, P.L. 1198, § 4(g), *as amended*, 52 P.S. § 1396.4(g).

vania, pending a hydrologic investigation.[3] Subsequently, on November 13, 1989, the Department issued a compliance order to McDonald for its Butler site and to Sky Haven for its Siebenbrock site, requiring them to jointly treat two off-site seeps which were allegedly related to their mining activities. Additionally, the Department also issued a compliance order to Sky Haven requiring it to treat a contaminated spring located adjacent to its mining site. McDonald appealed both the denial of its bond release request and the compliance order, and Sky Haven appealed both of the compliance orders issued against it. All of the appeals were consolidated before the Board.

To support its issuance of the compliance orders and to establish a hydrogeologic connection between the seeps, contaminated spring and the mining sites, the Department introduced the testimony of a hydrogeologist in the Department's Bureau of Mining and Reclamation. The hydrogeologist, after setting forth his qualifications and explaining his investigation, opined that a hydrogeologic connection existed. The Board specifically rejected this testimony on the hydrogeologic connection, noting that:

> If the Department expects the Board to give serious consideration to the expert opinions presented by it, it would be well-advised to offer witnesses with adequate training and experience who are qualified to conduct competent investigations and to give testimony as experts on the subject matter in question.

The Board in sustaining McDonald's and Sky Haven's appeals from the compliance orders, found that the Department failed to meet its burden of proving, by a preponderance of the evidence, that the seeps were hydrogeologically connected to the mining sites. With respect to McDonald's appeal from the bond release denial, the Board stated that, because there was no evidence to establish a hydrogeologic connection between the seeps and the Butler site, the appeal would likewise be sustained.

McDonald and Sky Haven subsequently filed an application for an award of fees and expenses under Section 4(b) of the SMCRA. With respect to the application under SMCRA, the Board held that Section 4(b) provides for an award of fees only in proceedings brought pursuant to Section 4,[4] which encompasses appeals from a permit denial, a bond release denial or a bond forfeiture, and not enforcement actions. Inasmuch as the compliance orders issued by the Department were enforcement actions, the Board held, McDonald and Sky Haven could not be awarded the fees and costs generated by their appeals therefrom. The Board further held that, given that McDonald failed to distinguish between the fees incurred in its appeal from the compliance order and its appeal from the bond release denial, it could receive no award under Section 4(b) of SMCRA.[5] Both McDonald and Sky Haven appeal to this Court.

Section 4(b) of SMCRA provides that the Board, "upon the request of any party, may in its discretion order the payment of costs and attorney's fees it determines to have been reasonably incurred by such party in *proceedings pursuant to this section.*" 52 P.S. § 1396.4(b) (emphasis added). Whether attorney's fees may be awarded under Section 4(b), therefore, is determined by whether enforcement actions are proceedings pursuant to Section 4 of SMCRA.

---

3. The denial also stated that portions of the site had not been regraded or revegetated. During the hearings on the matter, the Department admitted that these reasons dealt with a different mining site, and therefore, were irrelevant to McDonald's present appeal.

4. Section 4 of SMCRA sets forth the procedures and required contents of an application for a mining permit and the posting of a bond. It further specifies the requirements for a bond release, as well as those conditions which may lead to the revocation of a mining permit or a bond forfeiture. *See* 52 P.S. § 1396.4.

5. McDonald, in the alternative, filed an application for fees and costs under Section 3 of the Costs Act. Act of December 13, 1982, P.L. 1127, § 3, *as amended*, 71 P.S. § 2033. The Board granted McDonald's application, awarding it $10,000.00 in fees and expenses under the Costs Act. This Court affirmed this award in an appeal filed by the Department at *Pennsylvania Department of Environmental Resources v. McDonald Land & Mining Company*, 664 A.2d 190 (Pa. Cmwlth.1995). It will not be addressed further in this opinion.

■ Section 4 of SMCRA deals with the procedures which must be followed with respect to applications for mining permits and bond releases. 52 P.S. § 1396.4. McDonald and Sky Haven argue that Section 4 of SMCRA is not limited solely to proceedings on permit applications and bond releases, referring this Court to Section 4(a)H of SMCRA.[6] McDonald and Sky Haven contend that, because Section 4(a)H provides for the denial of a permit application or the revocation of a permit in the event that certain enumerated environmental laws other than SMCRA are violated, Section 4 can be interpreted to encompass enforcement actions, thus permitting the award of fees under Section 4(b) for appeals from enforcement actions.

Section 4(a)H does not deal with violations of SMCRA. Instead, it is concerned with violations of other environmental laws, specifically stating that a permit application will not be approved, and that a permit may be revoked, if the operator does not comply with the environmental laws enumerated therein. Section 4(a)H clearly distinguishes between SMCRA, including Section 4 thereof, and those laws, stating that a violation of the latter "shall not be deemed a violation of [SMCRA]." Additionally, Section 4(a)H further provides that a violation of the enumer-

ated environmental laws "shall *only* be cause for revocation of the operator's permit." 52 P.S. § 1396.4(a)H (emphasis added). This Section cannot be construed as dealing with appeals from compliance orders or other enforcement proceedings. Those types of actions are brought pursuant to Section 1917–A of the Administrative Code of 1929[7] and Section 4 of the Environmental Hearing Board Act,[8] which deal with the authority of the Department to abate nuisances and with appeals from actions of the Department to the Board, respectively. As such, even with the language of Section 4(a)H, the scope of Section 4 of SMCRA is limited to permit applications and bonds, and an award under Section 4(b) can only be made in those types of proceedings.[9]

McDonald and Sky Haven argue that an interpretation of Section 4(b) limiting attorney's fees and costs solely to proceedings on permits and bonds is inconsistent with the Federal Surface Mining Control and Reclamation Act of 1977 (Federal SMCRA).[10] McDonald and Sky Haven contend that, pursuant to Section 525(e) of the Federal SMCRA,[11] attorney's fees and costs may be awarded in enforcement actions. Since Pennsylvania's SMCRA is mirrored after the Federal SMCRA, McDonald and Sky Haven

---

**6.** Act of May 31, 1945, P.L. 1198, § 4(a)H, *as amended*, 52 P.S. § 1396.4(a)H provides that: The application shall also set forth the manner in which the operator plans to comply with the requirements of [enumerated environmental laws.] No approval shall be granted unless the plan provides for compliance with the statutes hereinabove enumerated, and failure to comply with the statutes hereinabove enumerated during mining or thereafter shall render the *operator liable to the sanctions and penalties* provided in this act for violations of this act and to the sanctions and penalties provided in the statutes hereinabove enumerated for violations of such statutes. Such failure to comply shall be cause for revocation of any approval or permit issued by the department to the operator: Provided, however, That a violation of the statutes hereinabove enumerated shall not be deemed a violation of this act unless this statute's provisions are violated but shall only be cause for revocation of the operator's permit: And provided further, That nothing in this clause shall be read to limit the department's authority to regulate activities in a coordinated manner.

**7.** Act of April 9, 1929, P.L. 177, § 1917–A, 71 P.S. § 510–17, repealed in part by Section 6(b) of the Act of December 12, 1994, P.L. 903.

**8.** Act of July 13, 1988, P.L. 530, § 4, 35 P.S. § 7514.

**9.** In reaching this decision, we recognize this Court's prior statement that "[u]nder the plain language of the Pennsylvania statute, the EHB may award costs and attorney's fees in permit proceedings as well as in enforcement proceedings." *Big "B" Mining v. Department of Environmental Resources*, 142 Pa.Commonwealth Ct. 215, 219, 597 A.2d 202, 203 (1991), *petition for allowance of appeal denied*, 529 Pa. 652, 602 A.2d 862 (1992). Because that case only involved an appeal from the Board's denial of fees and costs in a permit proceeding, not an enforcement proceeding, the above quoted language is *not dispositive of the issue in this case.*

**10.** 30 U.S.C. §§ 1201–1328.

**11.** 30 U.S.C. § 1275(e).

contend, then attorney's fees and costs should be awarded under Section 4(b).

This argument, however, disregards the fact that Section 525(e) of the Federal SMCRA is much broader than Section 4(b) of Pennsylvania's SMCRA in that it specifically permits the award of fees and costs whenever "an order is issued under this section, or as a result of any administrative proceeding under this Chapter," referring to Chapter 25 of the United States Code (Code). Encompassed within this Chapter of the Code is the Secretary's authority to issue compliance orders and institute other enforcement proceedings against an individual in violation of the Federal SMCRA or any permit condition. 30 U.S.C. § 1271. On the other hand, Section 4(b) of Pennsylvania's SMCRA specifically limits the award of fees and costs only in actions brought under that section; i.e., applications for mining permits and bond releases.

■ McDonald also contends that, even if Section 4(b) does not permit the award of costs and attorney's fees in enforcement proceedings, the Board nevertheless abused its discretion by denying the award on the grounds that McDonald failed to apportion its costs and fees between its appeal from the bond release denial and its appeal from the compliance order. McDonald contends that it was never provided with an opportunity to apportion its costs as to each of its appeals. *See Joyner v. Commonwealth, Dept. of Environmental Resources,* 152 Pa.Commonwealth Ct. 441, 619 A.2d 406 (1992), *petition for allowance of appeal denied,* 535 Pa. 640, 631 A.2d 1011 (1993) (requiring the Board to provide an applicant for costs and fees under the Costs Act with a hearing to present evidence on apportionment of fees between his defense and the defense of a related, but ineligible, party). McDonald also contends that, because the issues in both of its appeals were identical, i.e., the hydrogeologic connection between the Butler site and the seeps, it was impossible to apportion its attorney's fees and costs between the two. McDonald

argues, therefore, that it should have been awarded all of its fees and costs under Section 4(b) of SMCRA.

Although neither McDonald's brief nor our research has revealed any case law dispositive of this issue, we nevertheless find guidance in the federal case law on the award of attorney's fees to parties that have only partially prevailed in Section 1988 [12] actions. In such cases, the federal courts have required that, whenever possible, the prevailing party is to make a reasonable effort to distinguish between the fees from its successful and unsuccessful claims. *Fair Housing Council of Greater Washington v. Landow,* 999 F.2d 92 (4th Cir.1993). Absent such an effort, the claim for attorney's fees will be denied. *Id.*

■ In the present case, the Board issued an order on October 21, 1994, directing the parties to file a brief addressing the following issue:

2) Whether McDonald's Application and Amended Application are sufficient, on their face, to allow the Board to calculate the amount of award which McDonald would be entitled to recover under the Costs Act ... for attorney fees and costs incurred in connection with its successful challenge to the issuance of Compliance Order No. 894154 should such expenses not be recoverable under § 4(b) of SMCRA.

In effect, this order directed McDonald to delineate the costs incurred in its appeal from the compliance order. In its brief before the Board, however, McDonald failed to set forth the costs which were attributable solely to its challenge to the compliance order.[13] Moreover, nowhere before the Board did McDonald contend that apportionment was impossible due to the identity of the issues in its appeals. Having not provided the Board with the fees and costs associated with its appeal from the compliance order, and having not raised the issue of its inability to apportion its costs before the Board, McDonald was not entitled to any attorney's

---

**12.** 42 U.S.C. § 1988.

**13.** Given the express language set forth in the Board's October 21, 1994 order, we do not understand how McDonald can argue that it did not have an opportunity to apportion its costs before the Board.

fees and costs under Section 4(b) of SMCRA.[14]

Accordingly, the decision of the Board denying McDonald and Sky Haven attorney's fees and costs under Section 4(b) of SMCRA is affirmed.

### ORDER

AND NOW, this 3rd day of August, 1995, the orders of the Environmental Hearing Board at Nos. 89–096–MJ, 89–556–MJ, 89–596–MJ, and 89–597–MJ, dated January 17 and January 12, 1995, are affirmed.

**Kirk BROSIUS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1995.

Decided Aug. 9, 1995.

No appearance, for appellant.

William A. Kuhar, Jr., for appellee.

Before DOYLE and FRIEDMAN, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Kirk Brosius (Licensee) appeals an order of the Court of Common Pleas of Westmoreland County dismissing his appeal from the suspension of his driving privileges pursuant

---

14. We should also note that McDonald failed to raise the issue of its inability to apportion its expenses before the Board, and therefore, has waived it for purposes of appellate review. *See*

*Lucky Strike Coal Company v. Commonwealth, Dept. of Environmental Resources,* 119 Pa.Commonwealth Ct. 440, 547 A.2d 447, *petition for*

*allowance of appeal denied,* 521 Pa. 607, 555 A.2d 117 (1988).